Dear Mr. Burton:
You have requested the opinion of this office concerning the transportation of certain school children in light of the Beauregard Parish School Board's School Zone Policy. The pertinent provision within that policy states:
 ". . . the Board reserves the authority to assign a student living in one school district to attend school in another district, if circumstances warrant. The parent or legal guardian of a pupil may file in writing to the Board an objection to the assignment of the pupil, in which case the Board shall review the assignment and investigate the circumstances in order to render a decision."
The above quoted policy appears to conform with the statutory requirements of LSA-R.S. 17:101 et. seq. Your opinion request then asks:
 (1) Is it legal to allow children living in School Zone A to ride a school bus serving School Zone B, to attend school(s) in that zone, where room is available on that bus, and then to deny other children living in School Zone A the right to ride the same bus, once room is no longer available?
 (2) Is it legal to specify that only children living in School Zone A can ride buses to the school(s) in that zone, and to prohibit children living outside that zone from utilizing its buses, even though they attend school(s) in that zone, and even though there is space available on its buses?
LSA-R.S. 17:158A(1) states:
 (1) Except as provided by Subsection H of this Section and in accordance with the requirements of Subsection F of this Section, each parish and city school board shall provide free transportation for any student attending a school of suitable grades, approved by the State Board of Elementary and Secondary Education within the jurisdictional boundaries of the parish or school board if the student resides more than one mile from such school. (Emphasis added).
Further, the School Board is also permitted to provide transportation under Subsection (3), it states in pertinent part:
 The Beauregard Parish School Board . . . may provide transportation for any student attending a school of suitable grade . . . within the jurisdictional boundaries of the parish or school board who resides one mile or less from the school when the school board determines that conditions exist to warrant such transportation. Transportation of students residing one mile or less from their school shall be at no cost to the state.
Thus, the answer to your first question is clear, under LSA-R.S. 17:158A(1) the School Board is mandated to transport students living more than one mile from school, and it may also provide transportation under LSA-R.S. 17:158A(3). This includes students living in one district who are assigned to another school district. The School Board may not fail to provide transportation unless there is an economically justifiable reason and all other requirements of LSA-R.S. 17:158C are met.
The answer to your second question is much like that of the first. The School Board has broad discretion in determining how it will transport students under its general powers. LSA-R.S.17:81. The School Board must transport all students, living more than one mile from school, pursuant to LSA-R.S. 17:158. The School Board may not act pursuant to a policy which would fail to transport students unless there is an economically justifiable reason under LSA-R.S. 17:158C. Further, the School Board may not implement a policy which is discriminatory. Therefore, in response to your second question, the School Board may have a policy which allows for only certain buses to be used to transport students assigned to and attending school in a certain district. This policy though may not leave out students who are otherwise entitled to transportation unless there is an economically justifiable and nondiscriminatory reason for doing so. In that case, the parents, or guardians, of the students not receiving transportation may apply for and receive reimbursement under LSA-R.S. 17:158D.
I hope that this answers your questions fully. If you require any additional assistance, please feel free to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0370p